UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

ROBERT ZELLNER,

      Plaintiff,

vs.                                                                 Case No.:  08-C-0315

DARYL HERRICK, et al.,

      Defendants,

and

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,

      Intervenor.
_____

## AMENDED COMPLAINT OF INTERVENOR, AMERICAN FAMILY MUTUAL INSURANCE COMPANY
_____

American Family Mutual Insurance Company (hereinafter American Family), by its attorneys, Piper & Schmidt, alleges as follows:

      1.     American Family is a domestic insurance company licensed to do business in Wisconsin, with its home office and principal place of business located at 6000 American Parkway, Madison, Wisconsin 53783.

      2.     Upon information and belief, Daryl Herrick (hereinafter Herrick) is an adult resident of the State of Wisconsin.

      3.     Upon information and belief, John Pendergast (hereinafter Pendergast) is an adult resident of the State of Wisconsin.

4. Upon information and belief, Linda Borkenhagen (hereinafter Borkenhagen) is an adult resident of the State of Wisconsin.

5. A lawsuit was filed against Herrick, Pendergast and Borkenhagen (hereinafter collectively referred to as the Defendants) in the United States District Court for The Eastern District of Wisconsin having case number 08-C-0315 (hereinafter the lawsuit). American Family does not reallege any of the allegations made in the lawsuit's pleadings, and denies knowledge or information sufficient to form a belief as to the truth of those allegations.

6. The Complaint in the lawsuit alleges jurisdiction pursuant to 42 U.S.C. §1983, the First and Fourteenth Amendments to the United States Constitution, and 28 U.S.C. §§1331 and 1332. It also alleges an amount in controversy in excess of $75,000.00.

7. American Family issued a "Wisconsin Homeowners Policy" of insurance, policy number 48-R94727-01, to Borkenhagen (hereinafter Policy 1), a "Wisconsin Homeowners Policy" of insurance, policy number 48-CT0955-01, to Herrick (hereinafter Policy 2), a "Wisconsin Homeowners Policy" of insurance, policy number 48-CF5211-01, to Pendergast (hereinafter Policy 3), and a "Personal Liability Umbrella Policy" of insurance, policy number 48-UL7435-01, to Pendergast (hereinafter Policy 4); Policy 1, Policy 2, Policy 3, and Policy 4 are subject to and controlled by their terms, conditions, exceptions, exclusions, limitations, limits of liability, and effective dates.

8. The Defendants notified American Family of the filing of the lawsuit, and inquired as to their entitlement to a defense and indemnification therein by American Family.

9. American Family does not have liability for the claim alleged against the Defendants in the lawsuit, and does not have a duty to defend the Defendants against that claim.

10. American Family's duties to indemnify and defend the Defendants for the claim alleged against the Defendants are controlled by the terms of Policy 1, Policy 2, Policy 3, and Policy 4.

11. Policy 1 does not provide coverage or a defense for the claim and damages alleged in the lawsuit because of various terms, provisions, and exclusions in Policy 1; among the terms, provisions, and exclusions that preclude coverage and a defense are, without limitation:

    A. The requirement that the damages be caused by an "occurrence" (Policy 1 "Page 9 of 16") ("**We** will pay, up to **our limit**, compensatory damages for which any **insured** is legally liable because of **bodily injury** or **property damage** caused by an **occurrence** covered by this policy."). The alleged damages were not caused by an occurrence;

    B. The requirement that the damages be because of "bodily injury" or "property damage" (Policy 1 "Page 9 of 16") ("**We** will pay, up to **our limit**, compensatory damages for which any **insured** is legally liable because of **bodily injury** or **property damage** caused by an **occurrence** covered by this policy."). The alleged damages are not because of "property damage" or "bodily injury."

    C. The exclusion relating to business pursuits (Policy 1 "Page 11 of 16") ("**We** will not cover **bodily injury** or **property damage** arising out of **business** pursuits . . . ."). The alleged damages arise out of Borkenhagen's business pursuits.

    D. The exclusion relating to intentional injury (Policy 1 "Page 11 of 16") ("**We** will not cover **bodily injury** or **property damage** caused intentionally by or at the direction of any **insured** even if the actual **bodily injury** or **property damage** is different than that which was expected or intended from the standpoint of any **insured**."). The claimed damages are alleged to have been caused intentionally by Borkenhagen.

3

E. The exclusion relating to punitive damages (Policy 1 "Page 12 of 16") ("**We** will not cover punitive or exemplary damages."). The punitive damage exclusion precludes coverage for the punitive damage claim.

F. The requirement that the claim be for "damages" (Policy 1 "Page 9 of 16") ("**We** will pay, up to **our limit**, compensatory damages for which any **insured** is legally liable because of **bodily injury** or **property damage** caused by an **occurrence** covered by this policy."). Attorney fees do not constitute "damages,"; as such, coverage for the attorney fee claim is precluded by the requirement that the claim be for "damages."

12. Policy 2 does not provide coverage or a defense for the claim and damages alleged in the lawsuit because of various terms, provisions, and exclusions in Policy 2; among the terms, provisions, and exclusions that preclude coverage and a defense are, without limitation:

A. The requirement that the damages be caused by an "occurrence" (Policy 2 "Page 9 of 16") ("**We** will pay, up to **our limit**, compensatory damages for which any **insured** is legally liable because of **bodily injury** or **property damage** caused by an **occurrence** covered by this policy."). The alleged damages were not caused by an occurrence;

B. The requirement that the damages be because of "bodily injury" or "property damage" (Policy 2 "Page 9 of 16") ("**We** will pay, up to **our limit**, compensatory damages for which any **insured** is legally liable because of **bodily injury** or **property damage** caused by an **occurrence** covered by this policy."). The alleged damages are not because of "property damage" or "bodily injury."

C. The exclusion relating to business pursuits (Policy 2 "Page 11 of 16") ("**We** will not cover **bodily injury** or **property damage** arising out of **business** pursuits . . . ."). The alleged damages arise out of Herrick's business pursuits.

D. The exclusion relating to intentional injury (Policy 2 "Page 11 of 16") ("**We** will not cover **bodily injury** or **property**

4

**damage** caused intentionally by or at the direction of any **insured** even if the actual **bodily injury** or **property damage** is different than that which was expected or intended from the standpoint of any **insured**."). The claimed damages are alleged to have been caused intentionally by Herrick.

E. The exclusion relating to punitive damages (Policy 2 "Page 12 of 16") ("**We** will not cover punitive or exemplary damages."). The punitive damage exclusion precludes coverage for the punitive damage claim.

F. The requirement that the claim be for "damages" (Policy 2 "Page 9 of 16") ("**We** will pay, up to **our limit**, compensatory damages for which any **insured** is legally liable because of **bodily injury** or **property damage** caused by an **occurrence** covered by this policy."). Attorney fees do not constitute "damages,"; as such, coverage for the attorney fee claim is precluded by the requirement that the claim be for "damages."

13. Policy 3 does not provide coverage or a defense for the claim and damages alleged in the lawsuit because of various terms, provisions, and exclusions in Policy 3; among the terms, provisions, and exclusions that preclude coverage and a defense are, without limitation:

A. The requirement that the damages be caused by an "occurrence" (Policy 3 "Page 9 of 16") ("**We** will pay, up to **our limit**, compensatory damages for which any **insured** is legally liable because of **bodily injury** or **property damage** caused by an **occurrence** covered by this policy."). The alleged damages were not caused by an occurrence;

B. The requirement that the damages be because of "bodily injury" or "property damage" (Policy 3 "Page 9 of 16") ("**We** will pay, up to **our limit**, compensatory damages for which any **insured** is legally liable because of **bodily injury** or **property damage** caused by an **occurrence** covered by this policy."). The alleged damages are not because of "property damage" or "bodily injury."

C. The exclusion relating to business pursuits (Policy 3 "Page 11 of 16") ("**We** will not cover **bodily injury** or **property damage** arising out of **business** pursuits . . . ."). The alleged damages arise out of Pendergast's business pursuits.

D. The exclusion relating to intentional injury (Policy 3 "Page 11 of 16") ("**We** will not cover **bodily injury** or **property damage** caused intentionally by or at the direction of any **insured** even if the actual **bodily injury** or **property damage** is different than that which was expected or intended from the standpoint of any **insured**."). The claimed damages are alleged to have been caused intentionally by Pendergast.

E. The exclusion relating to punitive damages (Policy 3 "Page 12 of 16") ("**We** will not cover punitive or exemplary damages."). The punitive damage exclusion precludes coverage for the punitive damage claim.

F. The requirement that the claim be for "damages" (Policy 3 "Page 9 of 16") ("**We** will pay, up to **our limit**, compensatory damages for which any **insured** is legally liable because of **bodily injury** or **property damage** caused by an **occurrence** covered by this policy."). Attorney fees do not constitute "damages,"; as such, coverage for the attorney fee claim is precluded by the requirement that the claim be for "damages."

G. The exclusion relating to acts or omissions as an officer or member of a board of directors (Policy 3 "Page 10 of 16") ("**We** will not cover **bodily injury** or **property damage** arising out of any act or omission of any **insured** as an officer or member of the board of directors of any corporation, municipality, political unit or other organization . . . ."). The complained of damages arise out of Pendergast's conduct as an officer and member of the Cedarburg school board.

14. Policy 4 does not provide coverage or a defense for the claim and damages alleged in the lawsuit because of various terms, provisions, and exclusions in Policy 4; among the terms, provisions, and exclusions that preclude coverage and a defense are, without limitation:

6

A. The requirement that the damages be caused by an "occurrence" (Policy 4 "Page 2 of 6") ("**We** will pay, up to **our limit**, compensatory damages for which an **insured** becomes legally liable for **injury** caused by an **occurrence** covered by this policy."). The alleged damages were not caused by an occurrence;

B. The requirement that the damages be for "injury" (Policy 4 "Page 2 of 6") "**We** will pay, up to **our limit**, compensatory damages for which an **insured** becomes legally liable for **injury** caused by an **occurrence** covered by this policy."). The alleged damages were not caused by an injury;

C. The exclusion relating to business pursuits (Policy 4 "Page 3 of 6") ("**We** will not cover **business** pursuits . . . ."). The alleged damages arise out of Pendergast's business pursuits.

D. The exclusion relating to intentional injury (Policy 4 "Page 4 of 6") ("**We** will not cover **injury** caused by or at the direction of any **insured** even if the actual **injury** is different than that which was expected or intended from the standpoint of any **insured**. This exclusion does not apply to **personal injury** when **your** actions are not fraudulent, criminal or malicious."). The claimed damages are alleged to have been caused intentionally and with malice by Pendergast ("engaged in the conduct . . . with malice, for the express purpose of retaliating against Mr. Zellner . . . ." (Complaint ¶82))

E. The exclusion relating to punitive damages (Policy 4 "Page 4 of 6") ("**We** will not cover punitive or exemplary damages."). The punitive damage exclusion precludes coverage for the punitive damage claim.

F. The requirement that the claim be for "damages" (Policy 4 "Page 2 of 6") ("**We** will pay, up to **our limit**, compensatory damages for which an **insured** becomes legally liable for **injury** caused by an **occurrence** covered by this policy."). Attorney fees do not constitute "damages,"; as such, coverage for the attorney fee claim is precluded by the requirement that the claim be for "damages."

7

G. The exclusion relating to acts or omissions as an officer or member of a board of directors (Policy 4 "Page 3 of 6") ("**We** will not cover any act or omission of any **insured** as an officer or member of the board of directors of any corporation, municipality, political unit or other organization . . . ."). The complained of damages arise out of Pendergast's conduct as an officer and member of the Cedarburg school board.

15. Policy 1, Policy 2, Policy 3 and Policy 4 only promise to provide a defense against claims for which those policies provide coverage. (Policy 1 "Page 9 of 16"; Policy 2 "Page 9 of 16"; Policy 3 "Page 9 of 16") ("If a suit is brought against any **insured** for damages because of **bodily injury** or **property damage** caused by an **occurrence** to which this policy applies, **we** will provide a defense at **our** expense by counsel of **our** choice.") (Policy 4 "Page 2 of 6") ("If a suit is brought against an **insured** for damages because of **injury** caused by an **occurrence** to which this policy applies, **we** will provide a defense at **our** expense by counsel of **our** choice."). Because Policy 1, Policy 2, Policy 3, and Policy 4 do not provide coverage for the claim alleged, American Family does not have a duty to defend the Defendants.

WHEREFORE, American Family demands that judgment be entered dismissing it from all liability for the claim alleged in the lawsuit, and dismissing it from any obligation to provide a defense for the Defendants for the claim which is the subject of the lawsuit; awarding it its taxable costs and disbursements; and providing it with such other and further relief as may be appropriate.

8

Dated this 20th day of July, 2009.

        PIPER & SCHMIDT
        Attorneys for American Family Mutual
        Insurance Company

        s/ Terry J. Booth
        Wisconsin State Bar No.: 1014691
        Attorneys for American Family
        Mutual Insurance Company
        PIPER & SCHMIDT
        Fifth Floor - Van Buren Building
        733 North Van Buren Street
        Milwaukee, WI 53202
        Telephone:  (414) 225-4060
        Facsimile:  (414) 271-6196
        E-mail:  tjb@piperschmidt.com